# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5995 PA (AFMx) | Date | August 14, 2017 |
|---|---|---|---|
| Title | Alex Blitstein v. Selene Finance, LP, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on August 11, 2017, by defendant Selene Finance, LP ("Selene LP"). (Docket No. 1 ("NOR").) Selene LP asserts that this Court has jurisdiction over the action brought against it by plaintiff Alex Blitstein ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, a defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5995 PA (AFMx) | Date | August 14, 2017 |
|---|---|---|---|
| Title | Alex Blitstein v. Selene Finance, LP, et al. | | |

citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

Here, to allege Plaintiff's citizenship, the Notice of Removal asserts:

> As alleged in the Complaint, Plaintiff "is, and at all times relevant to the facts herein was, an individual residing in real property commonly known as 18737 Hatteras Street, Unit 50, Tarzana, CA 91356 . . . located in the County of Los Angeles, in the State of California." [Complaint ¶ 1] Thus, Plaintiff is a citizen of California for diversity purposes.

(NOR ¶ 3.) Because the only support for Selene LP's allegation of Plaintiff's citizenship is residence, and an individual is not necessarily domiciled where he or she resides, Kanter, 265 F.3d 857, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.

Furthermore, in an effort to establish its own citizenship, Selene LP alleges:

> Selene is a foreign limited partnership . . . comprised of two partners: 1) Selene Ventures LLC, and 2) Selene Ventures GP LLP. Selene Ventures LLC is a Delaware limited liability company and operates its principal place of business in Pennsylvania. Selene Ventures GP LLC is a Delaware limited liability company and operates its principal place of business in Pennsylvania. No members of either of Selene's partners is a citizen of the states of California. Therefore, Selene is not a citizen of California for diversity jurisdiction purposes.

(NOR ¶ 4.)

A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Because Selene LP has not identified the citizenship of each of its members, it has not adequately alleged its own citizenship. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Teleflora LLC v. WB Commerce, LLC, CV 15-07176 SJO (SHx), 2015 U.S. Dist. LEXIS 152828, at *2 n.2 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5995 PA (AFMx) | Date | August 14, 2017 |
|---|---|---|---|
| Title | Alex Blitstein v. Selene Finance, LP, et al. | | |

Nov. 10, 2015) ("[W]here the removing party is an LLC, it must allege the citizenship of each of its members in order to meet its burden of showing complete diversity of citizenship between the parties."); see also Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Because the Notice of Removal does not adequately allege the citizenship of Plaintiff or of Selene LP, Selene LP has failed to demonstrate that complete diversity exists.

For the foregoing reasons, Selene LP has failed to meet its burden of establishing the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. LC105915. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.